THE PEOPLE *ex rel.* PHILIP O'SULLIVAN *v.* STEPHEN B. FRENCH *et al.*, Commissioners.

*N. Y. Supreme Court, First Department, General Term, November* 7, 1889.

*Municipal corporations. Police.*—The decision of the commissioners in removing relator from the police force, if supported by competent evidence, will be affirmed in *certiorari.*

*Certiorari* to review the removal of relator from police force of the city of New York.

*Louis J. Grant,* for relator.

*Edward J. Hawke, Jr.,* for commissioners.

DANIELS, J.—The charge made against the relator was that he had been so much under the influence of liquor during his tour of patrol duty, on December 30, 1888, as to be unfit for that duty. The evidence of roundsman, William Cruise, who saw him about nine o'clock in the evening of that day, is positive and direct that the relator was then under the influence of liquor. He spoke to him concerning his condition but received no answer; and his testimony is, that he staggered, and the witness took him to the station-house, and he thought he was drunk.

He also testified that he seemed to be incoherent in his speech, like a man under the influence of liquor. This evidence tended very directly to prove the truth of the charge contained in the specification. It certainly was not diminished in its force by that of Sergeant Cornelius Weston, who inspected and observed the condition of the relator after he had been taken to the station-house. His testimony is that there was a faint odor of liquor from his breath, and he did

not think he was fit to be on his post, although he could walk substantially straight when he was called upon to make that endeavor. His opinion was that the relator was suffering from the effects of liquor at the time. The evidence of the physician did not materially change that given by these two witnesses. For he did not observe him until some hours after he had been taken to the station-house. That given by the relator himself tended directly and fully to his own exoneration, but whether it should be accepted and followed in the disposition of the charge was a question under this state of the evidence which was addressed wholly to the commissioners themselves. They were not legally bound to adopt or follow this statement; but they were authorized to reject it as unworthy of reliance, if they believed the evidence of the roundsman, sustained so far as it was by the further testimony which the sergeant gave, and with the view which they considered they were from the evidence required to adopt, this court, under the writ of *certiorari*, has no authority to interfere. As that has been declared by § 2140 of the Code of Civil Procedure, the court is only authorized to relieve the party complaining of the decision either when it may not be sustained by competent proof, or when there may be such a preponderance of proof as will justify an order setting aside the verdict of a jury as against the weight of evidence.

Neither of these conditions is presented by the proof which was taken before the commissioners, and as the power of the court has in this manner been defined, no reason is disclosed for interfering with their determination. But under the authority of this section, as well as under the case of The People *v.* French, 110 N. Y. 494, these proceedings are required to be affirmed.

VAN BRUNT, P.J., and BARRETT, J., concur.